## BOLLY *v.* CISCO.

[No. 13,890.  Filed May 16, 1930.  Rehearing denied September 3, 1930.  Transfer denied January 6, 1931.]

*James L. Murray,* for appellant.

*James W. Fortune* and *Stotsenburg, Weathers & Minton,* for appellee.

MCMAHAN, J.—Appellee recovered a judgment against appellant because of injuries received by being struck by an automobile owned by appellant and operated by his minor son. The only question attempted to be presented by this appeal relates to the sufficiency of the evidence to sustain the verdict of the jury. Appellant's minor daughter was employed in a telephone exchange in Jeffersonville, and appellant, sometime prior to the day when appellee was injured, directed and authorized his son to take appellant's automobile when the daughter was working late in the evening and bring her home from her work. On the day in question, the daughter worked until about 9 o'clock p. m. and the son, as was usual, took appellant's automobile, drove it to the place where his sister was working and, while taking her home, struck appellee and severely injured him.

The fact that appellant was not at home on the day when the accident took place and that he gave his son no specific direction to take the automobile and bring the daughter home that evening does not prevent a recovery. The uncontradicted evidence shows that appellant had prior thereto directed his son to take the automobile and bring the daughter home when she was late; that the son had, for months thereafter, with the knowledge and consent of appellant, taken the automobile on such occasions and brought the daughter home from her work. The evidence is ample to warrant a finding that appellant had authorized his son to take the automobile and bring the daughter home from her work on the evening when appellee was injured, and that, when so doing, the son was acting as the agent of appellant. The "family purpose doctrine" is not involved in this action.

There is no merit in this appeal. Judgment affirmed with five per cent penalty.